**UNITED STATES of America,
Plaintiff,**

v.

**Juan BRAVO–FERNANDEZ [1],
Hector Martinez–Maldonado
[2], Defendants.**

**Criminal No. 10–232 (FAB).**

United States District Court,
D. Puerto Rico.

Jan. 26, 2011.

Peter M. Koski, U.S. Department of Justice, Washington, DC, for Plaintiff.

David Z. Chesnoff, Chesnoff & Schonfeld, Las Vegas, NV, Jose A. Pagan–Nieves, Joseph C. Laws, Edgar R. Vega–Pabon, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On November 15, 2010, defendants Bravo and Martinez filed the following motions: (1) joint discovery status report and motion to compel discovery; (2) joint motion to strike surplusage; and (3) joint motion for a bill of particulars. (Docket Nos. 94, 91 and 92.) On November 24, 2010, the government filed oppositions to all of defendant's motions. (Docket Nos. 104, 105 and 106.) For the reasons described below, all three of defendants' motions are **DENIED**.

## DISCUSSION

### I. MOTION TO COMPEL DISCOVERY

Defendants move to compel discovery based on the requests they have submitted to the government through numerous discovery letters. In their motion, defendants fail to mention the Scheduling Order approved by this Court on September 10, 2010, which outlines deadlines for various forms of discovery in this case. (Docket No. 51.)[1] Many of the discovery requests outlined in defendants' motion to compel have been addressed in the Scheduling Order. Where this Court has already established deadlines for the government to provide defendants with certain types of evidence, it will not re-visit the issue.[2] As of this date, the Court has no reason to believe that the government did not or will not comply with the requirements set forth in the Scheduling Order. Only a handful of discovery issues remain under defendants' motion to compel, which the Court will now briefly address.

### A. De Castro–Font Materials

■ Defendants argue that they are entitled to descriptions and summaries of the De Castro–Font materials provided to them by the government. The government had made the De Castro–Font materials available for review to defendants since July 8, 2010. (Docket No. 106 at 4.)

---

1. The Scheduling Order was proposed by the parties (Docket No. 49) after the telephone conference held on September 3, 2010 (Docket No. 48).

2. The Scheduling Order establishes deadlines for the following types of discovery, in addition to others, that were addressed in defendants' motion: Rule 404(b) evidence, Brady/Giglio evidence, and Jencks evidence. The Court defers to the deadlines set in the Scheduling Order for production of this discovery.

Defendants claim that their request for production of De Castro–Font materials falls within the universe of *Brady* and *Giglio* materials that the government is obligated to provide to defendants. The government has already provided those materials to defendants. Defendants' argument that "in light of the significant volume of documents and recordings relating to the former De Castro–Font investigation, due process requires that the government produce summaries and logs of the various recordings" is unsupported by any case law in defendant's brief. In fact, the Court believes that the government has satisfied its obligations under *Brady, Giglio* and their progeny by making the universe of information available to defendants more than four months before defendants' motion was filed. Indeed, it is the responsibility of defendants' counsel, not the government, to review the universe of information and determine the responsiveness of the evidence.

### B. Transcripts and Translations

■ Defendants also claim that they are entitled to transcripts and translations of the foreign language documents. Defendants acknowledge that the government has thus far provided defendants with translations and transcripts of documents it has designated for use at trial. (Docket No. 94 at 13.) Nevertheless, defendants argue that they are entitled to translation of all the De Castro–Font materials the government has provided. Defendants cite no appropriate legal support for this proposition, and, in fact, the First Circuit cases to which they cite hold only that the government is obligated to provide translated transcripts that it intends to submit to the jury to defense counsel "in adequate

time before trial". *U.S. v. Flecha–Maldonado,* 373 F.3d 170, 177 (1st Cir.2004); *see also U.S. v. Morales–Madera,* 352 F.3d 1, 7–8 (1st Cir.2003). The Court believes that the government has satisfied its duty to provide translated materials that it intends for use at trial to defense counsel—defendants have not cited to any legal support that entices the Court to compel the government to provide any further translations.

### C. Continuing Production under *Brady, Giglio* and Rule 16

Defendants assert their right to ongoing release of information that falls under Rule 16, *Brady, Giglio* and their progeny, noting that "[i]t appears that the government has not fully satisfied its affirmative obligations" to provide these materials to defendants. (Docket No. 94 at 12.) Based on the discovery letters submitted by defendants, it appears to the Court that the government has made the relevant information readily available to defendants. In addition to the July 8, 2010 production, the government also sent defendants a discovery package on November 12, 2010. (Docket No. 95, Exhibit E.) The government appears to be aware of its continuing legal obligations to provide *Brady/Giglio* /Rule 16 discovery and defendants have not indicated that the government has not been responsive in providing discovery in accord with the Court's Scheduling Order. Thus, at this time, the Court need not order the government to provide any additional discovery aside from what the Court has already ordered in its Scheduling Order and to which the government has already agreed in its correspondence with defendants.[3] Defendants' motion to compel discovery is **DENIED.**

---

3. In its discovery letter to defendants' counsel dated November 12, 2010, the Government agreed to assess what it possesses that is responsive to defendants' request for "recording logs and/or summaries of the telephone conversations related to the De Castro–Font

## II. MOTION TO STRIKE SURPLUSAGE

■ Defendants request the Court to strike surplusage from the indictment pursuant to Federal Rule of Criminal Procedure 7(d). The purpose of the rule is "to protect the defendant against immaterial or irrelevant allegations in an indictment which may be prejudicial." *United States v. El–Silimy,* 228 F.R.D. 52, 58–60 (D.Me. 2005) (citing *United States v. Fahey,* 769 F.2d 829, 841–42 (1st Cir.1985)); *see also United States v. Lewis,* 40 F.3d 1325, 1346 (1st Cir.1994). "Language in the indictment which is information the government, in good faith, intends to properly prove at trial cannot be stricken as surplusage, no matter how prejudicial it may be." *El–Silimy,* 228 F.R.D. at 59 (internal citations omitted). The decision to strike language from the indictment "rests in the sound discretion of the district court." *Lewis,* 40 F.3d at 1346. Because the standard to strike surplusage is so exacting, courts have interpreted it narrowly and "alleged surplusage is rarely stricken." *U.S. v. Sawyer,* 878 F.Supp. 279, 294 (D.Mass. 1995) (internal citations omitted).

Specifically, defendants ask the Court to strike the following language from the indictment: (1) the description of a Senator's duties and a Senator's oath of office; (2) the use of the words "solicit" and "demand" in Paragraphs 16(b), 20(a), 77(a) and 85; (3) the allegation that concealment was a purpose of the conspiracy; and (4) identification of "Person A" as "a close friend and professional mentor of defendant Martinez." The Court addresses each of these requests independently.

■ First, the inclusion of a Senator's duties and oath of office are directly related to the substantive crimes with which defendant Martinez is charged in this case. Specifically, defendant Martinez is charged with bribery concerning programs receiving federal funds under Title 18, United States Code § 666, a crime that is materially connected to his status as a Commonwealth Senator. The Court does not find that inclusion of a Senator's duties and oath of office are prejudicial or irrelevant.

■ Second, the use of the words "solicit" and "demand" in the indictment are in reference to the alleged violation of Title 18, United States Code § 666, Section (a)(1)(B). The language in the indictment tracks the exact language of the statute, thus, the language is necessary and relevant to explain the crimes charged in the indictment fully.

■ Third, the allegation that concealment of the crime was a purpose of the conspiracy is both material and relevant to the government's conspiracy claim. As the Court explained in its opinion denying defendants' motion to dismiss paragraphs 68–73 of the indictment, the alleged action taken by defendant Bravo and De Castro–Font to conceal the conspiracy qualifies as an overt act done in furtherance of the main criminal objectives of the conspiracy. (Docket No. 131.) Because defendant Martinez is being charged as a co-conspirator, and the government has shown a good faith intent to prove the existence of a conspiracy that involved both defendants at trial, the acts described are not surplusage and will not be stricken from the indictment. *See El–Silimy,* 228 F.R.D. at 59 (internal citations omitted).

■ Fourth, the identification of "Person A" as "a close friend and professional mentor of defendant Martinez" is not, as

investigation, as well as any transcripts and translations that were generated." (Docket No. 95, Exhibit E at 2.)

defendants suggest, an attempt by the government to vouch for the credibility of a witness. (*See* Docket No. 91 at 5.) Defendants cite to a First Circuit case which held that vouching, the practice "of a prosecutor affirming a personal belief in the veracity of a government witness", is prohibited. *U.S. v. Flores–De Jesus,* 569 F.3d 8, 18 (1st Cir.2009). While defendants have accurately stated the law with respect to vouching, there is no indication that the government has "vouched" for "Person A" by simply identifying him as a close friend of defendant Martinez in the indictment, an allegation that the government intends to prove at trial.

## III. MOTION FOR A BILL OF PARTICULARS

■ Defendants move for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). "The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *U.S. v. Paiva,* 892 F.2d 148, 154 (1st Cir.1989). The decision to grant or deny a defendant's motion for a bill of particulars is in the discretion of the district court. *Id.*

Defendants request a bill of particulars for the following information: (1) the identity of unknown persons and entities with whom defendants Martinez and/or Bravo allegedly conspired or interacted; (2) a more detailed description of what acts defendants Bravo and Martinez, and De Castro–Font, performed in furtherance of the alleged conspiracy; (3) the identity of the federal benefits in excess of $10,000 and transactions of $5,000 or more; and (4) a more detailed description of certain phrases and terms in the indictment. The government claims, and defendants do not

dispute, that they have provided defendants with information regarding the identity of unknown persons and identities in a letter dated July 21, 2010. Thus, defendants' request for this category of information is moot.

■ Even on the merits of defendants' claims, however, the Court finds that a bill of particulars is not warranted in this case. As the Court found in its opinion denying defendants' motions to dismiss, the indictment is sufficient because it informs defendants as to the charged offenses and enables them to plead an acquittal or conviction in bar of future prosecutions for the same offense. (*See* Docket No. 131 at 4 (citing *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)).) The indictment details various actions allegedly taken by defendants to participate in a bribery and conspiracy scheme. The indictment also tracks the language of the federal programs bribery statute (18 U.S.C. § 666) in alleging that the "Commonwealth of Puerto Rico was a State Government which received federal assistance in excess of $10,000" and that Bravo, Martinez and De Castro–Font engaged in a "series of transactions of the Puerto Rico government valued at more than $5,000." (Docket No. 1 at 22.) As for the final category of information requested, the Court notes that "[a] bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories." *U.S. v. Stryker Biotech, LLC,* No. 09–10330, 2010 WL 2900684, at *3 (D.Mass. July 21, 2010) (internal citations omitted). The Court finds that because the charges facing defendants have been clearly outlined and explained in the indictment, and because the government has made ample discovery available to defendants,

defendants are not entitled to a bill of particulars. Defendants have not met their burden of showing that a denial of their request would "lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *Id.* at *4 (internal citations omitted). Therefore, defendants' request for a bill of particulars is **DENIED.**

## CONCLUSION

For the reasons discussed above, defendants' motion to compel discovery is **DENIED**; defendants' motion to strike surplusage is **DENIED**; and defendants' motion for a bill of particulars is **DENIED.**

**IT IS SO ORDERED.**